**Samuel FRANK, Plaintiff–Appellee–**

**Cross–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellant–**

**Cross–Appellee.**

**Nos. 138, 506, Dockets 95–6019, 95–6023.**

United States Court of Appeals, Second Circuit.

Argued Aug. 28, 1995.

Decided Nov. 13, 1997.

Mark B. Stern, Washington, DC (Sean A. Lev, Stephanie R. Marcus, Appellate Staff, Civil Division, Department of Justice, Washington, DC; Frank W. Hunger, Assistant Attorney General, Walter Dellinger, Assistant Attorney General, Richard L. Shiffrin, Deputy Asst. Atty. Gen., H. Jefferson Powell, Stuart M. Benjamin, Office of Legal Counsel, Washington, DC; Charles R. Tetzlaff, United States Attorney, Civil Division, Burlington, Vermont, of counsel and on the brief), for Appellant United States of America.

Andrea L. Gallitano, Barre, Vermont (David A. Otterman, Otteman and Allen, Barre, Vermont, of counsel), for Appellee Samuel Frank.

Randolph D. Moss, Washington, DC (Anthony G. Brown, James S. Campbell, Wilmer, Cutler & Pickering, Washington, DC; Dennis A. Henigan, Gail A. Robinson, Center to Prevent Handgun Violence, Legal Action Project, Washington, DC, of counsel), filed a brief on behalf of Handgun Control, Inc., Center to Prevent Handgun Violence, International Association of Chiefs of Police, Major Cities Chiefs, National Organization of Black Law Enforcement Executives, Fraternal Order of Police, National Association of Police Organizations, National Troopers' Coalition, Police Executive Research Forum, and Federal Law Enforcement Officers' Association as Amici Curiae.

Before: CARDAMONE, MINER and
CALABRESI, Circuit Judges.

PER CURIAM:

The United States heretofore appealed from a judgment entered August 2, 1994 in the United States District Court for the District of Vermont (Parker, then-C.J.) declaring unconstitutional that section of the Brady Handgun Violence Prevention Act of 1993 (Brady Act or Act) which requires background checks of potential handgun buyers, Pub.L. No. 103–159, § 102(a)(1), 107 Stat. 1536, 1537–38 (1993) (codified at 18 U.S.C. § 922(s)(2) (1994)). *See Frank v. United States,* 860 F.Supp. 1030 (1994). Plaintiff Samuel Frank, the Sheriff of Orange County, Vermont, cross-appealed from the district court's rulings that he lacked standing to challenge the Brady Act on Fifth Amendment grounds and that the background check provision is severable from the remainder of the Act. *Id.*

By judgment dated March 15, 1997, we affirmed in part and reversed in part the judgment of the district court. *See Frank v. United States,* 78 F.3d 815 (2d Cir.1996). Familiarity with our opinion is assumed. To the extent that we affirmed, we determined that Sheriff Frank had standing to challenge the Brady Act on Tenth Amendment grounds and that the Fifth Amendment vagueness question raised by Sheriff Frank in his cross-appeal did not present a justiciable controversy because there was no substantial threat that he would be prosecuted and, therefore, the penalty provision of the Act, 18 U.S.C. § 924(a)(5), did not apply to him. To the extent that we reversed, we determined that the mandatory background check requirement of the Act was constitutional. In view of our determination of constitutionality, we did not decide whether the background check provisions were severable from the remainder of the Act.

The case then was taken to the Supreme Court of the United States by writ of certiorari. By orders filed in the Supreme Court on June 27, 1997, the petition was granted, our judgment was vacated with costs, and the case was remanded to us for further consideration in light of *Printz v. United States,*

—– U.S. —–, 117 S.Ct. 2365, 138 L.Ed.2d 914 (1997). By order filed on September 24, 1997, we vacated our judgment of March 15, 1996 and the mandate issued thereon, all in accordance with the orders of the Supreme Court.

In *Printz,* the Court determined that the Brady Act was violative of the Tenth Amendment to the extent that it required local law enforcement officers to undertake background checks of those who seek to purchase handguns and to accept forms prepared by such prospective purchasers for transmittal by firearm dealers. Accordingly, we are constrained by *Printz* to affirm the judgment of the district court conferring standing upon Sheriff Frank and invalidating the Brady Act requirement of background checks and form transmittals. We also affirm that portion of the judgment that denies consideration of Sheriff Frank's cross-appeal due to lack of justiciability.

The district court determined that the portion of the Brady Act not invalidated could be severed and remain in effect:

Without the mandatory background check, the Act can operate as intended by Congress with the exception that local law enforcement would then have the option, rather than the obligation, of conducting a background check during the five-day waiting period. Because the Act is still "fully operable as law" without a mandatory background check provision, the balance of the Brady Act remains fully operational.

*Frank,* 860 F.Supp. at 1044.

In light of *Printz,* we cannot agree with this determination of the district court. The Supreme Court stated that the provisions of the Brady Act that were not invalidated "burden[ed] only firearms dealers and purchasers, and no plaintiff in either of those categories [wa]s before [the Court]." *Printz,* —– U.S. at —–, 117 S.Ct. at 2384. The Court "decline[d] to speculate regarding the rights and obligations of parties not before [it]." *Id.*

As in *Printz,* no dealers or purchasers are before us, and the severability issue must be declined in this case also. We therefore vacate the remainder of the district court

judgment. Those provisions of the Brady Act that have not been struck down by the Supreme Court, as well as the legality of voluntary compliance by local law enforcement officers, remain intact, at least until the proper parties are before this Court. Those issues may be considered at that time.

It is so ordered.